IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Case No. 4:05-cv-087 |
| ) | |
| LEROY E. VOLLMER; CARLA M. ) | FINDINGS OF FACT, |
| BROMLY; THE ARTHUR COMPANIES, ) | CONCLUSIONS OF LAW, AND |
| d/b/a HARVEY FARMERS ELEVATOR ) | ORDER FOR JUDGMENT |
| INC., d/b/a HARVEY FARMERS ) | |
| ELEVATOR; CASEY VOLLMER; and ) | |
| CODY VOLLMER, ) | |
| Defendants. ) | |

The above-entitled case came before the Court at Bismarck, North Dakota, on March 9, 2006, upon the motion of the United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, attorneys for the plaintiff, for entry of default judgment against each of the above-named defendants.  Evidence was adduced for and on behalf of the United States in support of its motion aforesaid and no one appeared for or in behalf of the defendants, except that attorney Delvin J. Losing filed an answer for defendant The Arthur Companies, d/b/a Harvey Farmers Elevator, and on January 11, 2006, executed a Stipulation for Entry of Judgment, which Stipulation is filed for record with this Court.  Upon review of the file, the Court notes that:

The above-entitled action was commenced by the plaintiff acting under the direction of the Attorney General of the United States of America, and was brought under the provisions of Title 28, United States Code, Section 1345, against the above-named defendants; that the action was regularly and duly commenced by the filing of a

Complaint in the office of the Clerk of this Court; that the defendants have been duly and regularly served with a Complaint pursuant to the Federal Rules of Civil Procedure; and that the time for answering has expired as to each of the defendants, and each has failed to appear or answer in these proceedings and is wholly in default herein, except as to defendant The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator, who filed an answer and thereafter entered into a Stipulation for Entry of Judgment, which is filed with this Court;

Now, upon the evidence adduced by the United States and upon due consideration of all matters pertaining to the records herein, the Court makes the following:

## FINDINGS OF FACT

## FIRST CAUSE OF ACTION

1.

Defendant LeRoy E. Vollmer for value received, made, executed and delivered to the United States of America, acting through the Farm Service Agency (FSA), formerly known as Farmers Home Administration (FmHA), the following promissory notes in writing, wherein and whereby he promised to pay to the United States the following stated principal amounts plus interest on the unpaid principal balances at the stated rates until paid[1]:

---

[1] Copies of all exhibits referenced in this Complaint such as, but not limited to, promissory notes, real estate mortgages, chattel security agreements, financing statements, continuations, statement of account, and subordination, are attached to the Complaint. The exhibit letter of each attachment is noted by the described document.

| Date of Instrument | Principal Amount | Annual Rate | Exhibit |
|---|---|---|---|
| January 30, 1985 | $70,500.00 | 5¼% | A |
| March 31, 1989 (Reamortization of Note listed as Exhibit "A") | $68,733.02 | 5% | B |
| May 15, 1990 (Reamortization of Note listed as Exhibit "B") | $71,453.69 | 5% | C |
| June 10, 1991 (Reamortization of Note listed as Exhibit "C") | $73,873.76 | 5% | D |
| December 3, 1992 (Reamortization of Note listed as Exhibit "D" with Disaster Set-Aside on September 3, 1998 and June 3, 1999) | $86,136.51 | 5% | E |

2.

To secure the balance due and owing on the promissory notes listed in paragraph 1, defendant LeRoy E. Vollmer, made, executed, and delivered to the United States, a Real Estate Mortgage on or about January 30, 1985, wherein and whereby he granted, bargained, sold and conveyed, by mortgage, to the United States the following-described real estate which is situated in the county of McHenry, North Dakota:

**McHENRY COUNTY, NORTH DAKOTA**:

Township 152 North, Range 75 West:
Section 14:  NE¼
Section 15:  S½SW¼ and S½SE¼

The mortgage was recorded in the Office of the County Recorder of McHenry County, North Dakota, on January 30, 1985, in Book 228 of Mortgages on Page 688, as Document No. 262251 (Exhibit "F").

3.

To further secure the balance due and owing on the promissory notes listed in paragraph 1, defendant LeRoy E. Vollmer, on or about December 1, 1992, made, executed and delivered to the United States a Real Estate Mortgage on or about December 1, 1992, wherein and whereby he granted, bargained, sold and conveyed, by mortgage, to the United States the following-described real estate which is situated in the county of McHenry, North Dakota:

**McHENRY COUNTY, NORTH DAKOTA**:

Township 152 North, Range 75 West:
Section 14:  NE¼
Section 15:  S½SW¼ and S½SE¼

Subject to all mortgages in favor of Farmers Home Administration.

Subject, however, to all valid outstanding easements, mortgages, rights-of-way, mineral leases, mineral reservations, and several conveyances of record.

The mortgage was recorded in the Office of the County Recorder of McHenry County, North Dakota, on December 1, 1992, in Book 240 of Mortgages on Page 552, as Document No. 275297 (Exhibit "G").

4.

Defendant LeRoy E. Vollmer has defaulted in the payment of the promissory notes which are secured by the real estate mortgages, all described above, in that he has failed to make timely payments of principal and interest as required and he has failed to pay the real estate taxes when due and owing.

5.

By reason of the defaults in the covenants and conditions of the promissory notes and real estate mortgages described above, the United States has declared the entire amount of the indebtedness, as evidenced by the promissory notes, due and owing. All administrative and servicing actions have been completed and the United States has provided defendant LeRoy E. Vollmer with all notices required by federal law.

6.

The United States is still the owner and holder of the promissory notes and real estate mortgages described above, and there is now due and owing on the indebtedness evidenced thereby as follows:

| Promissory Note | Amount | Exhibit | Status/Principal Due | Interest to 02/27/06 | Rate |
|---|---|---|---|---|---|
| 01/30/1985 | $70,500.00 | A | reamortized by Ex. B | | |
| 03/31/1989 | $72,974.22 | B | reamortized by Ex. C | | |
| 05/15/1990 | $76,834.57 | C | reamortized by Ex. D | | |
| 06/10/1991 | $80,661.75 | D | reamortized by Ex. E | | |
| 12/03/1992 | $86,136.51 | E | $81,415.19[2] | $15,644.14 | $11.1528/day |
| Costs and disbursements of this action | | | $262.00 | | |

**TOTAL as of 02/27/2006**          **$97,321.33**

Interest will continue to accrue at the pre-judgment daily rate of $11.1528 until the entry of judgment, after which interest will accrue at the judgment rate until paid in full.

---

[2]Includes sums advanced for protective advances due and payable under the terms of the loan documents that have been paid out to cover payment of real estate taxes.

7.

In addition to the foregoing indebtedness there may also be due additional costs and expenses yet to be incurred which are chargeable under the terms of the notes and mortgages including, but not limited to, abstracting fees, recording fees, attorney fees, court costs, and expenses.

8.

On or about May 31, 2005, the United States individually served defendant LeRoy E. Vollmer, record owner of the property described above, by certified mail, a Notice of Intention to Foreclose Real Estate Mortgage, stating the date of the mortgage, the description of the mortgaged property, the full amount due for principal and interest, and advising him that unless the full amount of the indebtedness was paid within thirty (30) days from the date of the mailing of the Notice, an action would be instituted for the foreclosure of the mortgages listed above.

9.

The United States is informed that defendant Carla A. Bromly is residing on the real property described in paragraphs 2 and 3 above. There is no personal claim against defendant Carla A. Bromly in this matter; she is named as a party defendant for the purpose of extinguishing whatever right, title, or interest she may have, or claim to have to the property described in this complaint. To the extent that defendant Carla A. Bromly has any claim, right, title, or interest in the property described in this complaint, including

crops, and proceeds of crops, it is subsequent and junior to the security interests and mortgages held by the United States.

10.

On or about March 17, 2004, defendant The Arthur Companies, Inc., entered a judgment against defendant LeRoy Vollmer in the amount of $2,176.89, plus interest at the rate of 12 percent. The judgment was docketed in the office of the Clerk of Court, McHenry County, North Dakota on March 17, 2004, as Doc. No. 04-C-028. That on or about January 11, 2006, Delvin J. Losing, counsel for defendant The Arthur Companies, Inc., d/b/a/ Harvey Farmers Elevator, entered into a Stipulation for Entry of Judgment as to Defendant The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator, consenting to judgment against it as prayed for in the complaint, except as modified by the Stipulation which provides in part that the judgment of The Arthur Companies, Inc., is inferior to the mortgages of the United States. A copy of the Stipulation is filed for record with this court.

SECOND CAUSE OF ACTION

1.

Paragraphs 1, 6, and 9 of the First Cause of Action are incorporated by reference and made a part of this cause of action.

2.

To further secure the promissory notes listed in paragraph 1 of the First Cause of Action, defendant LeRoy E. Vollmer, made, executed, and delivered to the United States a Security Agreement (Chattel Property and Fixtures) on or about May 15, 1984 (Exhibit "I"), and a Security Agreement (Chattels and Crops) June 20, 2002 (Exhibit "J"), wherein and whereby he granted to the United States a security interest in all crops, farm machinery, and other equipment and inventory, then owned or thereafter acquired, together with all replacements, substitutions, additions, and accessions including, but not limited to, the specific items of farm machinery and other equipment, and crops described in the Security Agreement.

3.

To perfect the security agreements described in paragraph 2 of the Second Cause of Action, a financing statement was filed on October 28, 1992, as Document No. 92-000288317 (Exhibit "K"). Continuations were filed on July 15 1997, as Document No. 97-000698514 (Exhibit "L"); and August 13, 2002, as Document No. 02-000056515 (Exhibit "M"). Each of the documents were filed with the with the County Recorder of McHenry County, North Dakota.

4.

Defendant LeRoy E. Vollmer has defaulted in the payment of the promissory notes listed in paragraph 1 of the First Cause of Action secured by the security

agreements and financing statements, in that he has failed to make timely payments of principal and interest on the instruments.

5.

By reason of the defaults in the covenants and conditions of the security agreements and promissory notes, the United States has declared the entire amount of the indebtedness as evidenced by the promissory notes herein due and owing.  All administrative and serving actions have been completed and the United States has provided defendant LeRoy E. Vollmer with all the notices required by federal law.

6.

In addition to the foregoing indebtedness, there may also be due additional costs and expenses yet to be incurred which are chargeable under the terms of the notes and security agreements including, but not limited to, recording fees, attorneys fees, court costs and expenses.

7.

On or about July 22, 2002, defendant The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator, filed notice of a Supplier's Lien in the sum of $1,661.00 against the crops of defendant LeRoy Vollmer.  The notice was filed as Document No. 02-000051872-5 with the County Recorder for McHenry County, North Dakota.  That on or about January 11, 2006, Delvin J. Losing, counsel for defendant The Arthur Companies entered into a Stipulation for Entry of Judgment as to Defendant The Arthur

Companies, Inc., d/b/a Harvey Farmers Elevator, consenting to judgment against it as prayed for in the complaint except as modified by the Stipulation which provides in part that the Supplier's Lien is superior to the United States' security interests, but only against defendant LeRoy Vollmer's 2002 crops and 2002 crop proceeds. The United States' security interest is superior to any interest held by defendant The Arthur Companies, Inc., with respect to crops grown in years other than 2002. A copy of the Stipulation is filed for record with this court.

## THIRD CAUSE OF ACTION

1.

Paragraphs 1 through 6 of the Second Cause of Action are incorporated by reference and made a part of this cause of action.

2.

Defendant Carla Bromley is holding a negotiable check which constitutes proceeds from the sale of wheat produced by defendant LeRoy E. Vollmer. A portion of defendant LeRoy E. Vollmer's wheat crop was sold on or about August 12, 2004, through The Arthur Companies, Inc, d/b/a Harvey Farmers Elevator (Harvey Elevator). Harvey Elevator issued check numbered 044381 in the sum of $2,270.85, payable to Carla Bromley, Harvey Farmers Elevator, and FSA for the wheat sold. This check constitutes proceeds from the sale of wheat and/or other crops produced by defendant LeRoy E. Vollmer in 2004 of some year other than 2002, it is subject to the security interest held by

FSA, and FSA is entitled to receive these proceeds.  Defendants Carla Bromley and Harvey Elevator have no right, title, or interest in these proceeds, and they are not entitled to receive any portion of these crop proceeds.

3.

A portion of defendant LeRoy E. Vollmer's crop was sold on or about August 12, 2004, through The Arthur Companies, Inc, d/b/a Harvey Farmers Elevator (Harvey Elevator).   Harvey Elevator issued checks numbered 044380 and 044384 in the sums of $857.90 and $808.57, respectively; both checks are payable to Casey Vollmer, Harvey Farmers Elevator, and FSA.  These checks constitute proceeds from the sale of wheat and/or other crops produced by defendant LeRoy E. Vollmer in 2004 or some year other than 2002, they are subject to the security interest held by FSA, and FSA is entitled to receive these proceeds.  Defendants Casey Vollmer and Harvey Elevator have no right, title, or interest in these proceeds, and they are not entitled to receive any portion of these crop proceeds.

4.

A portion of defendant LeRoy E. Vollmer's crop was sold on or about August 12, 2004, and August 13, 2004, through The Arthur Companies, Inc, d/b/a Harvey Farmers Elevator (Harvey Elevator).   Harvey Elevator issued checks numbered 044379 and 044383 in the sums of $809.49 and $672.08, respectively; both checks are payable to Cody Vollmer, Harvey Farmers Elevator, and FSA.  These checks constitute proceeds

from the sale of wheat and/or other crops produced by defendant LeRoy E. Vollmer in 2004 or some year other than 2002, they are subject to the security interest held by FSA, and FSA is entitled to receive these proceeds.  Defendants Cody Vollmer and Harvey Elevator have no right, title, or interest in these crop proceeds, and they are not entitled to receive any portion of these crop proceeds.

5.

Defendant LeRoy E. Vollmer, as the producer and owner of the crop(s) sold, has an interest in the crop proceeds described in this cause of action, but his interest is inferior and junior to the security interest held by the United States.

6.

On or about July 22, 2002, defendant The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator, filed notice of a Supplier's Lien in the sum of $1,661.00 against the crops of defendant LeRoy Vollmer.  The notice was filed as Document No. 02-000051872-5 with the County Recorder for McHenry County, North Dakota.  That on or about January 11, 2006, Delvin J. Losing, counsel for defendant The Arthur Companies entered into a Stipulation for Entry of Judgment as to Defendant The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator, consenting to judgment against it as prayed for in the complaint except as modified by the Stipulation which provides in part that The Arthur Companies, Inc., claim no interest in defendant LeRoy Vollmer's crops except as outlined in paragraph 7 of the Second Cause of Action and that it shall endorse

the checks listed below which constitute proceeds from the sale of crops grown in a year or years other than 2002:

> Check No. 044379 dated August 12, 2004, in the sum of $809.49;
> Check No. 044380 dated August 12, 2004, in the sum of $857.90;
> Check No. 044381 dated August 12, 2004, in the sum of $2,270.85;
> Check No. 044383 dated August 13, 2004, in the sum of $672.08;
> Check No. 044384 dated August 13, 2004, in the sum of $808.57.

A copy of the Stipulation is filed for record with this court.

7.

That the defendant LeRoy E. Vollmer is not in the Armed Forces of the United States.

From the foregoing Findings of Fact, the Court makes the following:

CONCLUSIONS OF LAW

1.

The Court has jurisdiction over the subject matter of this action and the parties named in it.

2.

The defendants have been duly and regularly served in this action according to law.

3.

The United States is still the owner and holder of the promissory notes, real estate mortgages, and security agreements and there is now due and owing to the United States

by defendant LeRoy E. Vollmer, on the promissory note dated December 3, 1992, in the original principal amount of $86,136.51, principal in the sum of $81,415.19, which includes an advance made for payment of real estate taxes due and payable under the terms of the loan documents, and interest to date of February 27, 2006, of $15,644.14; together with costs and disbursements of this action amounting to $262.00, making a total of $97,321.33, as of February 27, 2006, plus prejudgment interest which accrues at a daily rate of $11.1528 until the date of entry of judgment, with interest accruing after entry of judgment at the legal rate until paid in full.

4.

That the United States of America has a first and second valid, paramount and subsisting lien upon the real estate as described below and the United States is entitled to foreclosure of its real estate mortgage and to have the real estate sold and the proceeds of the sale applied to the indebtedness hereinbefore set forth against defendant LeRoy E. Vollmer:

>   **McHENRY COUNTY, NORTH DAKOTA**:
>
>   <u>Township 152 North, Range 75 West</u>:
>   Section 14:  NE¼
>   Section 15:  S½SW¼ and S½SE¼
>
>   Subject, however, to all valid outstanding easements, mortgages, rights-of-way, mineral leases, mineral reservations, and several conveyances of record.

5.

That the judgment of defendant The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator, is junior and subordinate to the above-described mortgages of the United States.

6.

That the defendants LeRoy E. Vollmer, Carla M. Bromly, The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator, Casey Vollmer, and Cody Vollmer, have no further right title or interest in and to the above-described real property.

7.

The United States has a first, valid and subsisting lien on all of the crops, farm machinery, and other equipment and inventory now owned by defendant LeRoy E. Vollmer as described in the Security Agreement for Chattel Property and Fixtures dated May 15, 1984, and the Security Agreement for Chattels and Crops dated June 20, 2002, including, but not limited to, the specific items specified in the security agreements, subject only to the Supplier's Lien of defendant The Arthur Companies, Inc, d/b/a Harvey Farmers Elevator, which is a first lien on LeRoy Vollmer's 2002 crops and 2002 crop proceeds in the sum of $1,661.00.

8.

That the liens and interests of defendants LeRoy E. Vollmer, Carla M. Bromly, Casey Vollmer, and Cody Vollmer, if any, are junior to and inferior to the chattel and crop liens of the United States and that the Supplier's Lien of defendant The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator, in the sum of $1,661.00, is junior and

inferior to the crop lien of the United States, except as against crops and proceeds of crops grown in 2002.

9.

The United States is entitled to foreclose its security agreements and to have the crops and chattels sold after advertisement by the United States Marshal and to have and receive the proceeds of the sale, after the payment of the costs of this action and the costs of the sales incurred in it, applied to the indebtedness described above against defendant LeRoy E. Vollmer.

10.

The United States Marshal for the District of North Dakota be directed to sell the real estate after advertising the sale in a newspaper of general circulation to be published in the County of McHenry, State of North Dakota, once a week for four successive weeks, in a manner and form prescribed by law and that the sale of the real estate be sold at the McHenry County Courthouse, Towner, North Dakota.

11.

The United States Marshal for the District of North Dakota be directed to take possession of the crops, farm machinery, other equipment, and inventory described in the security agreements, and sell the chattel property and crops after advertising the sale in a newspaper of general circulation to be published in the County of McHenry, State of North Dakota, once a week for two consecutive weeks in a manner and form prescribed

by law and that the sale be held at the location of the chattel property and crops or some other suitable place at the discretion of the United States Marshal.

12.

That defendant The Arthur Companies, Inc., d/b/a Harvey Farmers Elevator shall endorse the checks listed below which constitute proceeds from the sale of crops grown in a year or years other than 2002:

>  Check No. 044379 dated August 12, 2004, in the sum of $809.49;
>  Check No. 044380 dated August 12, 2004, in the sum of $857.90;
>  Check No. 044381 dated August 12, 2004, in the sum of $2,270.85;
>  Check No. 044383 dated August 13, 2004, in the sum of $672.08;
>  Check No. 044384 dated August 13, 2004, in the sum of $808.57.

13.

That defendant Carla Bromly shall endorse and turn over to the United States within fifteen (15) days following the entry of judgment, any and all checks which constitute proceeds of crops produced by LeRoy E. Vollmer, including check numbered 044381 issued by The Arthur Companies Inc., on or about August 12, 2005, made payable to Carla Bromly, Harvey Farmers Elevator, and FSA in the amount of $2,270.85;

14.

That defendant Casey Vollmer shall endorse within fifteen (15) days following the entry of judgment, any and all checks which constitute proceeds of crops produced by LeRoy E. Vollmer, including checks numbered 044380 and 044384 issued by The Arthur Companies Inc., on or about August 12, 2005 and August 13, 2005, in the amounts of

$857.90 and 808.57, respectively, and made payable to Casey Vollmer, Harvey Farmers Elevator, and FSA;

15.

That defendant Cody Vollmer shall endorse within fifteen (15) days following the entry of judgment, any and all checks which constitute proceeds of crops produced by of LeRoy E. Vollmer, including checks numbered 044379 and 044383 issued by The Arthur Companies Inc., on or about August 12, 2005 and August 13, 2005, in the amounts of $809.49 and $672.08, respectively, and made payable to Cody Vollmer, Harvey Farmers Elevator, and FSA;

16.

That if the foreclosure proceeds distributed to the United States are less than the balance due and owing by LeRoy E Vollmer on the amount due and owing under the promissory notes, the United States is granted the right to collect such deficiency balance from defendant, LeRoy E. Vollmer.

## ORDER FOR JUDGMENT

Let judgment be entered accordingly.

Dated this 13th day of March, 2006.

_____
DANIEL L. HOVLAND, Chief Judge
United States District Court